J-S42034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| CHRISTOPHER CHARLES ADAMS, SR. | |
| Appellant | No. 1692 WDA 2015 |

Appeal from the PCRA Order September 16, 2015
in the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0002035-2014

BEFORE: SHOGAN, OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                FILED: August 24, 2016

Appellant, Christopher Charles Adams, Sr., appeals *pro se* from the order entered in the Westmoreland County Court of Common Pleas denying his first petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Appellant claims (1) defense counsel was ineffective in failing to investigate his case prior to pursuing a negotiated plea or failing to ensure the judge explained all of the elements of the charges prior to sentencing; (2) PCRA counsel was ineffective in failing to address the issue of the consent to search the vehicle; and (3) the prosecutor misrepresented evidence. We affirm.

On July 2, 2014, Appellant entered a negotiated guilty plea to Count 1, possession with intent to deliver, and Count 2, firearms not to be carried

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

without a license. He was sentenced to 3 to 6 years' imprisonment for possession with intent to deliver (methamphetamine)[2] and a consecutive term of 1 to 4 years' imprisonment for firearms not to be carried without a license.[3] N.T. Guilty Plea Hr'g, 7/2/14, at 12. Appellant did not file a post-sentence motion[4] or direct appeal. On January 2, 2015, Appellant filed a timely *pro se* PCRA petition. Counsel was appointed and filed a motion to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988), which the PCRA court granted.

Appellant stated the facts of this case in his PCRA petition, reproduced verbatim, as follows:

> I was traveling on route 56 between Seward and Johnston PA when I was pulled over for speeding in a 40 mph zone. My drivers door window wouldnt go down so I asked

---

[2] 35 P.S. § 780-113(a)(30).

[3] 18 Pa.C.S. § 6106(a)(1). The Commonwealth waived the 5 year mandatory minimum for the possession of a firearm. N.T. Guilty Plea Hr'g, 7/2/14, at 4-5, 12. No further penalty was imposed for possession of drug paraphernalia, prohibited offensive weapons, possession of red phosphorous with intent to manufacture controlled substance, operating a methamphetamine lab, and possession of ephedrine.

[4] Appellant did not file a post-sentence motion or a direct appeal to this Court. We note that the oral guilty plea colloquy was supplemented by a written guilty plea colloquy that Appellant signed. It apprised him of his right to file a post-sentence motion or direct appeal, and the time limits for doing so. Guilty Plea Pet., 7/2/14, at 4-5; **see generally Commonwealth v. Bedell**, 954 A.2d 1209 (Pa. Super. 2008)

permission to open door to hand officer Identification when I inadvertently exposed a shotgun between door & seat. I was removed from vehicle and placed into patrol car and the officer began searching entire vehicle.

Mot. for Post Conviction Collateral Relief, 1/2/15, at 3. Appellant contended there was no probable cause to stop his vehicle for speeding. *Id.* He claimed counsel was ineffective for "making [him] feel threatened by the law." *Id.* Appellant averred "[t]he imposition of a sentence greater than maximum as well as a unconstitutional mandatory minimum." *Id.*

On February 25, 2015, the PCRA court filed a notice of intent to dismiss Appellant's *pro se* PCRA petition. Appellant filed a *pro se* response to the Rule 907 notice. We reproduce the response, in pertinent part, as follows:

> I am writing in response to my PCRA submitted pro se. I am writing concerning a few key points. First I **did not** give police consent to search vehicle, knowing what was inside vehicle it would be unwise to allow such a search. Second if I did give a so called consent why was it necessary to contact the co-owner of vehicle to get permission to search this information is inside the Affidavit of Probable Cause them contacting co-owner. Third I am claiming ineffectiveness of counsel in this matter because I asked for a motion to suppress evidence due to the fact the co-owner was undergoing serious surgery at the time of the consent and was unable to give intelligent consent. . . . Also a key point I forgot there was only 1.29 grams of usable methamphetamine the "other" was an unknown mixture of trash in a bag labeled waste (labeled by me) that could not have contained a viable amount of methamphetamine. Therefore 1.29 grams is consistent with personal possession and not an intent to distribute there were no broken down bags or separate packages Just a scale with residue that I used to weigh out my doses before injection. . . .

Resp. to Rule 907 Notice of Intent to Dismiss, 3/18/15, at 1-2.[5]   A hearing

was held on September 8, 2015.  On September 16, 2015, the court denied

the PCRA petition and granted counsel's request to withdraw.  This appeal

followed.[6]

Appellant raises the following issues for our review:

> I. Was the conviction obtained and sentence imposed in violation of the Right to Effective Assistance of Counsel, with the defense counsel not investigating all matters of the case before pursuing a negotiated plea, or failing to ensure the judge explained all the elements of the charges prior to sentencing?[7]

---

[5] The PCRA court opined:

> [Appellant] was given an opportunity to file a written response to the Opinion and Order of [c]ourt, dated March 9, 2015, wherein [he] was notified of this [c]ourt's intention to dismiss the instant PCRA petition.  [Appellant] did file a timely response . . . .

PCRA Ct. Op., 9/16/15, at 10.  We note that the PCRA court's March 9, 2015 opinion in support of its notice of intent to dismiss the PCRA petition and the September 16th opinion are virtually identical.

[6] The PCRA court held that the instant appeal was untimely.  **See** Order, 10/28/15.  We disagree.  Under the "prisoner mailbox rule," a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing.  **See Commonwealth v. Wilson**, 911 A.2d 942, 944 n.2 (Pa. Super. 2006).  Instantly, an envelope, postmarked October 15, 2015, is included in the certified record, together with the notice of appeal.  Applying the "prisoner mailbox rule," the envelope's postmark establishes that the instant appeal was timely filed.

[7] In the argument section of his brief, Appellant contends that "Counsel failed to request body/dash camera footage of the arrest . . . ."  Appellant's Brief at 11.  This issue was not raised in Appellant's PCRA petition or in his response to the Rule 907 notice of intent to dismiss.  Therefore, this issue is

II. Did the [c]ourt err in denying the PCRA claim of an illegal search and seizure based on an invalid consent to search?

III. Did the prosecutor misrepresent the evidence of the 303.42 grams of waste by-product in Item 2.1[8] of the Lab Report?

Appellant's Brief at 4.

First, Appellant contends counsel was ineffective for failing to investigate the case before pursuing a negotiated plea and in failing to ensure that the judge explained all of the elements of the charges prior to

waived. ***See Commonwealth v. Rainey***, 928 A.2d 215, 226 (Pa. 2007) (concluding that issues not raised in a PCRA petition are waived and cannot be considered for the first time on appeal); ***see also*** 42 Pa.C.S. § 9544(b) ("an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding."); Pa.R.A.P. 302(a).

[8] We note that Item 2.1 of the Lab Report states as follows: "One (1) clear zip lock bag containing one (1) plastic 'Sodastream' bottle containing orange solid with metallic pieces." No Merit Letter in Supp. of Pet. to Withdraw as Counsel, 1/29/15, Ex. A at 1. The Pennsylvania State Police Bureau of Forensic Services concluded that "[t]he solid in item 2.1 weighed 303.42 g+/-0.09 g and contained a reactive metal, sodium hydroxide, pseudoephedrine/ephedrine, and methamphetamine (Schedule II)." ***Id.*** at 2. The report stated:

> One method of manufacture for methamphetamine is referred to as the "One-Pot" method. In this method, pseudoephedrine/ephedrine, an ammonium salt, a base (such as sodium hydroxide), a reactive metal, and an organic solvent are combined into one container (Item 2.1).

***Id.***

- 5 -

sentencing. *Id.* at 9, 12. Appellant avers "[i]f not for this deficient performance, [A]ppellant would have only been guilty of Count 4[9] only, all other Counts would be invalid due to inadmissible evidence, gained from an illegal search and seizure." *Id.* at 13. Counsel was ineffective "for not ensuring that his client knew exactly what it was he was signing into in open court." *Id.*

The PCRA court found no merit to Appellant's claim and opined:

> PCRA counsel has reviewed the record in this matter, including the guilty plea petition and correspondence between [Appellant] and his [trial] counsel. PCRA counsel was unable to detect any evidence of [trial counsel's] ineffectiveness in the record. [PCRA counsel] notes in his no-Merit Letter that [Appellant] accepted an offer at the preliminary hearing. [Appellant] subsequently asked [trial counsel] if he could get an offer of 3 to 6 years, rather than 4 to 10 years, and [trial counsel] indicated that he could not. [Appellant] then completed and signed a guilty plea petition and underwent a plea colloquy prior to being sentenced to the terms of the plea agreement that was reached at the time of the preliminary hearing. In fact, at the time the plea was entered, [Appellant] indicated that he was pleading guilty because "I committed this crime, Your Honor."

PCRA Ct. Op. at 7-8 (footnote omitted). The PCRA court concluded that Appellant's claim that guilty plea counsel was ineffective was meritless. *Id.* at 9. We agree no relief is due.

This Court has stated:

---

[9] Count 4 was misdemeanor 1 prohibited offensive weapon. N.T. Guilty Plea Hr'g, 7/2/14, at 4.

Our standard and scope of review for the denial of a PCRA petition is well-settled.

> [A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

> \* \* \*

> . . . Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. In Pennsylvania, we have refined the **Strickland** [**v. Washington**, 466 U.S. 668 (1984),] performance and prejudice test into a three-part inquiry. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. If a petitioner fails to prove any of these prongs, his claim fails. . . . To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.

> \* \* \*

> [A] defendant [raising a claim of ineffective assistance of counsel] is required to show actual prejudice; that is, that counsel's ineffectiveness was of such magnitude that it "could have reasonably had an adverse effect on the outcome of the proceedings."

*Commonwealth v. Charleston*, 94 A.3d 1012, 1018-19 (Pa. Super.) (some citations omitted), *appeal denied*, 104 A.3d 523 (Pa. 2014).

With respect to a guilty plea, the prejudice prong is satisfied by showing that "it is reasonably probable that, but for counsel's errors, [a petitioner] would not have pleaded guilty and would have gone to trial. The reasonable probability test is not a stringent one." *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002) (citations and quotation marks omitted).

> Our Supreme Court has repeatedly stressed that where the totality of the circumstances establishes that a defendant was aware of the nature of the charges, the plea court's failure to delineate the elements of the crimes at the oral colloquy, standing alone, will not invalidate an otherwise knowing and voluntary guilty plea. "Whether notice [of the nature of the charges] has been adequately imparted may be determined from the totality of the circumstances attendant upon the plea [.]"

*Commonwealth v. Morrison*, 878 A.2d 102, 107 (Pa. Super. 2005) (*en banc*) (citations omitted).

Instantly, at the guilty plea hearing, the trial court asked Appellant if he understood his rights as counsel explained them to him. N.T. Guilty Plea Hr'g, 7/2/14, at 9. Appellant responded that he did. ***Id.*** The court explained the charges as follows:

> You're pleading guilty at Count 1 to possession with intent to deliver. . . . If you went to trial the Commonwealth would have to prove that on April 4, 2014, that you possessed with intent to deliver methamphetamine.

You're pleading guilty at Count 2 firearms not to be carried without a license . . . . Here the Commonwealth would have to prove that on that same date you carried without a license a firearm, namely, a High—Point model C9 9mm Luger and a Remington Arms 20 gauge shotgun in a vehicle.

You're pleading guilty at Count 3 to possession of paraphernalia . . . . Here the Commonwealth would have to prove that you possessed with intent to use drug paraphernalia, in this case a glass smoking pipe, a digital scale and empty heroin stamp bags.

You're pleading guilty at Count 4 to prohibited offensive weapons . . . . Here the Commonwealth would have to prove that on the same date that you possessed an offensive weapon, namely, a Remington 20 gauge shotgun with a barrel length of less than 18 inches.

You're pleading guilty at Count 5 to possession with intent to manufacture a controlled substance . . . . Here the Commonwealth would have to prove that on that same date that you possessed sodium hydroxide, psuedoephedrine and lithium with the intent to manufacture methamphetamine.

You're pleading guilty at Count 6 to operating a methamphetamine lab . . . . Here the commonwealth would have to prove that on that same date you caused a chemical reaction involving ephedrine, pseudoephedrine or phenylpropanolamine or any other precursor or reagent substance listed for the purpose of manufacturing methamphetamine.

And you're pleading guilty at count 7 to knowingly possessing pseudoephedrine . . . . Here the Commonwealth would have to prove that on the same date you possessed pseudoephedrine for the purpose of manufacturing methamphetamine.

*Id.* at 9-11.

Appellant has not satisfied the prejudice prong by showing that but for counsel's errors he would not have pleaded guilty. ***See Charleston***, 94 A.3d at 1018-19; ***Hickman***, 799 A.2d at 141. Therefore, his claim that guilty plea counsel was ineffective is without merit. ***See*** 42 Pa.C.S. § 9543(a)(2)(ii); ***See Charleston***, 94 A.3d 1012, 1018-19.

Next, Appellant contends the search of the vehicle was illegal based upon an invalid consent to search. Appellant claims he

> stated that "this is my girlfriends car" not "the vehicle is registered to my girlfriend" as is stated in the Affidavit of Probable Cause. If the officer would have ran the license plate, as is procedure in a traffic stop, it would have indicated that the vehicle was registered to two people; [A]ppellant and Tammy Jo Lohr. The registration and insurance information handed to the officer would have also indicated this fact.
>
> The question that needs asking is: Why if [A]ppellant supposedly gave "verbal" consent (Affidavit of Probable Cause) was it necessary to allegedly make phone contact with Ms. Lohr to gain her consent? . . . How can police begin a consent search, when there is nothing to prove anyone actually granted consent to search?
>
> *     *     *
>
> In the case at bar, . . . Ms. Lohr was not present at the scene, [A]ppellant was the sole occupant of the vehicle, and therefore the one with the authority over the vehicle, and the one that had all the authority to grant or deny police access to the vehicle. Therefore abrogating any consent allegedly granted by Ms. Lohr.

Appellant's Brief at 16, 18.

The PCRA court found this issue waived in its Rule 907 notice. ***See*** Op. & Order, 3/9/15, at 5. In his response to the Rule 907 notice,

Appellant averred that he was "claiming ineffective assistance of counsel in this matter because [he] asked for a motion to suppress evidence due to the fact that the co-owner was undergoing serious surgery at the time of consent and was unable to give intelligent consent." *Pro Se* Resp. to Rule 907 Notice of Intent to Dismiss, 3/18/15 at 1. The PCRA court granted an evidentiary hearing based upon this allegation.

At the PCRA hearing, Appellant's counsel informed the court that Appellant requested that he "subpoena five different individuals for this hearing, including a Lester Lohr, L-o-h-r, Keith Lohr, Tammy Lohr, Kayla Bash and Robert Deemer." N.T. PCRA Hr'g, 9/8/15, at 4. Counsel sent a subpoena to each witness. *Id.* at 5. The subpoena for Mr. Deemer was returned indicating he had been released from Westmoreland County Prison, his last known address. *Id.* Counsel stated that Tammy Lohr was not present. His "understanding there may be some warrant against her which would explain her failure to appear." *Id.* The PCRA court stated that it was not going to give Counsel more time to procure the witnesses and indicated that he "made a good faith opportunity to subpoena the people your client wanted." *Id.* at 6. Following an off-the-record sidebar discussion and a recess, the hearing proceeded. *Id.*

Lester Francis Lohr testified at the hearing that Tammy Lohr was in the hospital in Pittsburgh at the time of the traffic stop. *Id.* at 8.

- 11 -

[The Commonwealth]: Sir, were you by any chance present at the hospital with Tammy Lohr when police communicated with her about this investigation?

A: No, I was not.

*Id.* at 10.

Keith Lawrence Lohr, Jr. testified that Appellant was with his wife after they were no longer together. *Id.* at 11.

[Defense Counsel]: You're aware that charges were filed against [Appellant]?

A: Yes.

Q: Around the time that [Appellant] received those charges, do you know what was going on with Tammy medically?

A: I know she has Crohn's Disease. That's about it.

\* \* \*

Q: Were you familiar with Tammy having to go to the hospital for any reason?

A: Um, she made multiple trips to the hospital all the time.

Q: Were there any times where she was there for an extended period of time?

A: I think there was one time she was in for, like, two or three days, something like that.

Q: Would that have been around the time you heard about charges being filed against [Appellant]?

A: I'm not sure exactly. She was in multiple times, yeah.

Q: When she would go to the hospital, are you aware whether she was prescribed any medication?

- 12 -

A: I was not aware. I had no idea what was going on with her.

*Id.* at 12-13.

The PCRA court stated that Lester Lohr

indicated that Ms. Lohr had been hospitalized at the time of [Appellant's] traffic stop and that she had been prescribed pain medication when she was in the hospital. However, upon cross examination, Mr. Lohr admitted that he was not present at the hospital with Tammy Lohr when police communicated with her about the investigation. Keith Lohr, Tammy Lohr's estranged husband, also testified on September 8, 2015, but did not recall whether she was hospitalized around the time of the traffic stop nor [sic] if she was prescribed any medication. No evidence was adduced at the PCRA hearing which showed Tammy Lohr to be rendered incapable of granting the consent that she had granted to search [Appellant's] vehicle. Thus, there is no merit to this allegation.

Op. & Order, 9/16/15, at 10-11 (citations omitted). We agree no relief is

due.

The underlying claim does not have arguable merit and thus, counsel

cannot be deemed ineffective. *See Charleston*, 94 A.3d at 1018-19.

Lastly, Appellant contends the prosecutor misrepresented the evidence

of the 303.42 grams of waste by-product in Item 2.1 of the Lab Report.

Appellant's Brief at 20. Appellant avers

[i]n the case at bar the substance is NOT product, it is 303.42 grams of a leftover by-product that happens to contain a minute, trace amount of methamphetamine. In fact, the substance in possession of [A]ppellant is a toxic, poisonous, and hazardous substance incapable of being ingested or further processed into a "usable" controlled substance.

J-S42034-16

* * *

> [A]ppellant in the case at bar possessed more waste by-product than usable methamphetamine, yet the weight (303.42 grams) of this poisonous, toxic substance is what got him the 3-6 years . . . .  He was only in possession of 1.29 grams of "usable" methamphetamine. (Item 2.6).[10]

*Id.* at 21.  Appellant concludes "this evidence was misrepresented [by the prosecutor] as 100% methamphetamine." *Id.*

As a prefatory matter, we consider whether this claim is waived.  In

***Commonwealth v. Fletcher***, 986 A.2d 759 (Pa. 2009), our Pennsylvania

Supreme Court opined that the

> [a]ppellant's claim that appellate counsel was ineffective for not arguing on appeal that **the prosecutor misled the trial court** by stating that Dr. Park was out of the country

---

[10] We note that in his *pro se* PCRA petition, Appellant averred that his sentence was illegal because he "only had 1.29g in possession."  *Pro se* PCRA Pet., 1/2/15, at 7.  In the No Merit Letter in Support of Petition to Withdraw as Counsel, Counsel states "[c]ontrary to [Appelllant's] assertion in his *pro se* PCRA that he was only in possession of 1.29g, the lab report clearly shows a total amount of 304.71g."   No Merit Letter, 1/26/15, at 6.  The lab report was attached to the no merit letter.  ***See id.*** at Ex. A.

    The PCRA court opined:

> Further, PCRA counsel considered the sentencing guidelines that apply to this case to determine whether [guilty plea counsel] gave [Appellant] incorrect information to induce him to enter a plea or provided [Appellant] with incorrect information.  As [PCRA counsel] points out, although [Appellant] asserts that he was only in possession of 1.29g of methamphetamine, the lab report, which [PCRA counsel] attached to the No Merit Letter, clearly shows a total amount of 304.71g.

Op. & Order, 9/16/15, at 8.

- 14 -

and not available to testify entitles him to no relief because **the claim was not raised in his PCRA petition**. Thus, pursuant to Pa.R.A.P. 302(a), [the a]ppellant is not entitled to review of this claim because it was raised for the first time in this appeal.

*Id.* at 794 (emphasis added).

In **Bedell**, this Court addressed the issue of whether the appellant had waived an issue raised on appeal.

In his second claim, Bedell contends that his counsel was ineffective for failing to object to the defective plea colloquy. Bedell argues that his plea was unknowing because of the defective colloquy. Specifically, Bedell asserts that the trial court's recitation of the rights that he would be foregoing by pleading guilty was confusing and that counsel did not ascertain whether he understood the rights that he was waiving.

We deem this claim waived for the purposes of this appeal because Bedell did not specifically raise an issue related to the colloquy in his PCRA Petition. Indeed, Bedell **only raised claims related to the factual basis of the robbery conviction** in the Petition. As this claim was never raised before the PCRA court, it cannot be raised for the first time on appeal. *See* Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal."); **Commonwealth v. Edmiston**, [ ] 851 A.2d 883, 889 ([Pa.] 2004) (reiterating that "[c]laims not raised in the PCRA court are waived and cannot be raised for the first time on appeal[.]").

**Bedell**, 954 A.2d at 1216 (some citations omitted and emphasis added).

In his *pro se* response to the PCRA court's Rule 907 notice of intent to dismiss, Appellant stated in a letter to the PCRA court:

Also a key point I forgot there was only 1.29 grams of usable methamphetamine the "other" was an unknown mixture of trash in a bag labeled waste (labeled by me)

- 15 -

that could not have contained a visible amount of methamphetamine. Therefore 1.29 grams is consistent with personal possession and not an intent to distribute there were no broken down bags or separate packages Just a scale with residue that I used to weigh out my doses before injection.

*Pro Se* Resp. to Notice of Intent to Dismiss, 3/18/15, at 1.

Analogously, in the instant case, Appellant only raised claims related to the factual basis of his PWID conviction. **See Bedell**, 954 A.2d at 1216. He did not raise the issue that the prosecutor misrepresented the evidence of the 303.42 grams of waste by-product in Item 2.1 of the Lab Report. **See Fletcher**, 986 A.2d at 794. Therefore, this issue is waived. **See** Pa.R.A.P. 302(a); **Fletcher**, 986 A.2d at 794; **Bedell**, 954 A.2d at 1216. Accordingly, we affirm the order of the PCRA court denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:8/24/2016